IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
_ATHENS DIVISION

| | | |
|---|---|---|
| **DWIGHT J. LOMAX, JR.,** | : | |
| Plaintiff, | : | |
| V. | : | NO. 3:25-cv-00064-CDL-AGH |
| **HABERSHAM COUNTY DETENTION CENTER,** | : | |
| Defendant. | : | |

## ORDER OF DISMISSAL

Plaintiff Dwight J. Lomax, Jr., a detainee in the Hart County Jail in Hartwell, Georgia, filed a 42 U.S.C. § 1983 complaint and a motion to proceed *in forma pauperis* ("IFP") in the Southern District of Georgia. ECF Nos. 1 & 2. Because Plaintiff's complaint raises claims based on conditions in the Hart County Jail, the Southern District transferred Plaintiff's case to this Court. ECF No. 3. On review of Plaintiff's filings, the United States Magistrate Judge found that Plaintiff's motion to proceed IFP was incomplete. ECF No. 6 at 1. Therefore, the Magistrate Judge ordered Plaintiff to submit a certified copy of his trust fund account statement. *Id.* Plaintiff was given fourteen days to comply and was cautioned that his failure to do so may result in the dismissal of this action. *Id.* at 2.

The time for compliance passed, and Plaintiff failed to file his certified trust fund account statement or otherwise respond to the Court's order. Accordingly, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his

failure to comply with the Court's order to file a certified account statement. ECF No. 7. Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this action. *Id.*

More than fourteen days have now passed since the order to show cause was entered, and Plaintiff has not responded to that order. Therefore, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 13th day of August, 2025.

        S/Clay D. Land  
        CLAY D. LAND  
        U.S. DISTRICT COURT JUDGE  
        MIDDLE DISTRICT OF GEORGIA